559 So.2d 363 (1990)
ST. JOHNS COUNTY, Florida, et al., Appellants,
v.
NORTHEAST FLORIDA BUILDERS ASSOCIATION, INC., Etc., et al., Appellees.
No. 89-861.
District Court of Appeal of Florida, Fifth District.
April 5, 1990.
Charles L. Siemon and Michelle J. Zimet of Siemon, Larsen & Purdy, Chicago and James G. Sisco, County Atty., St. Augustine, for appellants.
Michael P. McMahon, Virginia B. Townes and Gregory J. Kelly of Akerman, Senterfitt & Eidson, Orlando, for appellees.
Sidney H. McKenzie, Tallahassee, for Department of Educ., State of Fla., amicus curiae.
Joseph L. Shields, Tallahassee, for Florida School Boards Ass'n, Inc. and Florida Ass'n of School Administrators, amicus curiae.
HARRIS, Judge.
St. Johns County appeals an order declaring a county ordinance enacting an impact fee for school construction invalid. This court has proceeded through oral argument, now determines that the issue is of great public importance, and certifies the issue to the Supreme Court pursuant to Rule 9.030(a)(2)(A)(v), Rules of Appellate Procedure.
The issue, while relatively simple, is extremely important to county commissions and school boards across the state. Can the county commissions by enactment of a county ordinance, as was done by St. John's County in this case, impose an impact fee on all new construction to be used for new school facilities? We hold, as did the trial court, that the ordinance under review violates the constitutional mandate for a "uniform system of free public schools" and is invalid and unenforceable. We find it violates the uniform provision in that the impact fee does not apply to all of St. John's County much less the State of Florida.[1] It violates the free public school provision because, as enacted, the impact fee is nothing more than a user fee. Although couched in the broad language of *364 an impact fee, it is ultimately assessed only against those households that have children in public school.[2] Whether the money is paid directly to the school board as tuition or to the county commission and delivered to the school board when the family of public school children build or buy a home in the district seems to have little practical distinction. Although we agree with the dissent that it would be more equitable to require the new users of school facilities to help pay for them if a constitutional way could be found, we do not believe that St. Johns County has found such a way.
Because we recognize the ever increasing need for new school facilities caused by the rapid development in this state and the budgetary problems faced by school boards throughout the state, we certify the issue to the Supreme Court as being one of great public importance.
COBB, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent on the merits. But I agree this case should be certified for review by the supreme court because it involves a question of great public importance.
If impact fees for schools are unconstitutional, this state faces potential fiscal and social catastrophe caused by the enormous and unprecedented growth our state is experiencing. Florida is being inundated with new residents from beyond this state's borders, and all predictions are that this growth will continue.[1]
Every new arrival in Florida who is a child of school age, as well children born to immigrants after their arrival, will enjoy the state's constitutional right to "free" schools. Art. IX, § 1, Fla. Const. However, it is becoming onerous, unfair, and impractical for those who are already residents of Florida to bear the entire cost of new schools which must be built for the anticipated migration of multitudes. A way must be found to constitutionally require those who wish to expand Florida's residential facilities to shoulder a fair share of the resulting increase in costs of schools. Taxation through general tax increases or bond issues puts the full burden on existing residents. Impact fees could partially shift this burden.
NOTES
[1] Section Six of the ordinance provides:

The impact fee established by this ordinance shall not be effective within the boundaries of any municipality that issues building permits until such municipality has executed an interlocal agreement with the county to collect such fee.
St. Augustine has not executed such an agreement.
[2] Section Seven B permits the feepayer who objects to the impact fee determination set forth in the ordinance to submit to the school board an independent fee calculation showing the impact of such new construction on the school system. For example, retirement homes, nursing homes, infertile couples, and families with children in private schools would have no impact on the public school system and should pay no impact fee.
[1] Present projections are that Florida's population, now at about 13,000,000, will increase to 16,000,000 in ten years, and to 20,000,000 by the year 2020. Most of that increase will be caused by people moving here from other states. Between 1980 and 1988 the proportion of population increase attributable to migration (as contrasted with the increase caused by births over deaths within the state) was over eighty-eight percent. During the same period, among the sunbelt states, Florida's 26.6% population increase was exceeded only by Arizona's 28.4%. By comparison, California's population grew by 19.6%, Georgia's by 16.1 percent, New Jersey's by 4.8%, New York's by 2%, Illinois' by 1.6%, while Michigan's decreased by .2%. Source: College of Business Administration, University of Florida, Florida Statistical Abstract 1989 (23rd ed.)